SUCN. DE JUSTO HERNÁNDEZ Y ALVAREZ, compuesta de su viuda FELICIANA BORRERO y sus hijos legítimos PEDRO PABLO, FRANCISCO DOMINGO, JUAN ROBUSTIANO, FELICIA NAZARIA, JUAN ANTONIO, CIPRIANO, BRÍGIDA, JUANA SABINA, CLAUDIO, LEONOR, FELIPE NERI HERNÁNDEZ Y BORRERO, promovente y apelada, *v.* MAGDALENA RIVERA, opositora y apelante.

No. 3699.—*Visto:* Diciembre 8, 1925. *Resuelto:* Marzo 3, 1926.

1. INFORMACIÓN DE DOMINIO—APELACIÓN—PRESENTACIÓN Y RESERVA DE LOS FUNDAMENTOS DE REVISIÓN—OBJECIONES—ORDEN DE LA PRUEBA—FALTA DE OBJECIÓN Y EFECTO.—Cuando a instancia de los promoventes en una información de dominio la corte resuelve que el opositor presente su prueba primeramente, y éste no se opone a la resolución, no puede suscitar esa cuestión por vez primera en apelación.

2. INFORMACIÓN DE DOMINIO— EVIDENCIA— ADMISIBILIDAD— TÍTULO DEL PROMOVENTE.—Documentos privados en los que un anterior dueño reconoce haber vendido una finca y casa en ella enclavada, al causante de los promoventes y en los cuales el número de cuerdas, barrio y municipalidad coinciden con los de la finca objeto de la información, en ausencia de alegación de que se tenga otra finca de igual cabida en dicho barrio y término municipal, son admisibles en evidencia para probar el título.

3. INFORMACIÓN DE DOMINIO—EVIDENCIA—PESO Y SUFICIENCIA DE LA MISMA.—EVIDENCIA QUE COMPRUEBA Y ROBUSTECE LAS ALEGACIONES.—Una corte procede correctamente al dar valor a documentos admitidos en evidencia que no sólo comprueban las alegaciones de una petición sobre información de dominio sino que la robustecen reconociendo un mayor número de años de posesión que los alegados en dicha petición.

4. JUICIO—ORDEN Y FORMA EN QUE SE CELEBRA EN GENERAL—OBSERVACIONES DE LOS JUECES DURANTE EL CURSO DEL JUICIO—OBSERVACIÓN RESPECTO A LA CREDIBILIDAD DE LOS TESTIGOS.—Siendo la corte inferior la llamada a decidir sobre la credibilidad de los testigos, atendida la edad de la testigo de que

se trata en este caso—82 años—sus contestaciones y las manifestaciones hechas por el juez inferior, *se resolvió* que no podía declararse que se cometió error al no dar valor a la declaración de aquélla.

Sentencia de *Angel Acosta,* J. (Mayagüez), declarando acreditada a favor de la promovente el dominio sobre cierta finca. *Confirmada.*

*Gilberto López de Victoria* y *A. Ramírez Silva,* abogados de la apelante; *Benet & Souffront,* abogados de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La Sucesión de Justo Hernández Alvarez compuesta por su viuda y varios hijos promovieron información judicial en 1923 para acreditar el dominio en que se encontraba su causante de una finca rústica de 13 cuerdas de terreno radicadas en el barrio de Cerro Gordo en el término municipal de Añasco con una casa de madera techada de zinc dedicada a vivienda, alegando que la compró a Magdalena Rivera en el año 1910 y que tanto él como los anteriores dueños la han poseído con tal título quieta, pública y pacíficamente, sin interrupción, desde sus respectivas adquisiciones y que carece de título inscribible.

Admitida la información de dominio y citada en ella Magdalena Rivera como anterior dueña se opuso a la declaración solicitada exponiendo la forma en que adquirió dicha finca hace más de 40 años y alegando que no la ha enajenado en forma alguna a don Justo Hernández ni a otra persona.

Oída la prueba la corte inferior dictó sentencia declarando sin lugar la oposición hecha y justificado el dominio a favor de los promoventes, contra cuyo fallo estableció esta apelación la parte opositora alegando como primer motivo de su recurso que la corte sentenciadora erró al disponer que la opositora presentara su prueba antes que los promoventes de la información.

[1] Es cierto que la corte inferior resolvió a instancia de los promoventes que la parte opositora presentase su prueba

primeramente, pero como no se opuso a esa resolución no puede ahora la apelante suscitar por primera vez esa cuestión.

. . [2] En el segundo motivo del recurso se alega como error el haber sido admitidos en evidencia de los promoventes para probar su título dos documentos sin identificarse o describirse la finca objeto de la información.

Se trata de dos documentos privados fechados el 28 de octubre de 1916 y firmados por Magdalena Rivera ante varios testigos haciendo constar en uno de ellos que habiendo vendido a don Justo Hernández una parcela de terreno de 13 cuerdas en el barrio de Cerro Gordo del término municipal de Añasco se había quedado en ella como arrendataria por la cantidad de cuatro fanegas de café anuales, pero que no pudiendo atender a ese contrato por sus fatalidades y por las malas cosechas, después de tantos años del arrendamiento le hace entrega de la finca como único dueño de ella. En el otro documento hace constar que vende a don Justo Hernández por precio de $30 una casa techada de zinc cuyas medidas especifica, que está enclavada en 13 cuerdas de terreno que anteriormente le había vendido según documento que le otorgó, habiendo transcurrido un número de años como de 18 ó 19.

El número de cuerdas de terreno, el barrio y la municipalidad a que se refiere Magdalena Rivera en esos documentos coinciden con los de la finca objeto de la información por lo que podemos concluir que se trata de la misma finca, tanto más cuanto que la opositora no alega que tenga otra finca de igual cabida en dicho barrio y término municipal y se limita a negar el otorgamiento de esos documentos por lo que no ha sido cometido el error que consideramos.

[3] Se alega también que si esos documentos son admisibles como evidencia la corte cometió error al darles valor porque ellos, los hechos alegados en la solicitud y la prueba se excluyen y anulan unos a otros.

Como hemos visto, en uno de los documentos se limita

Magdalena Rivera a hacer constar la entrega de la finca que retuvo en arrendamiento después que la vendió a Hernández y en el otro a venderle la casa que tiene la finca que le había vendido antes según documento, todo lo que comprueba las alegaciones de la petición, sin que el hecho de que en ella se consigne que tal venta tuvo lugar en 1910 y que en uno de esos documentos fechados en 1916 se diga que fué como 18 años antes sea bastante para dejar de darle valor; porque la manifestación de ese documento robustece la petición pues reconoce un mayor número de años de posesión como dueño en Hernández que los alegados por su sucesión.

[4] El cuarto motivo del recurso se funda en que la corte inferior no dió valor en evidencia a la declaración de Magdalena Rivera fundándose en su edad.

Esa testigo manifestó tener 82 años, y cuando terminaba su declaración manifestó el Juez de la corte que había observado muy fijamente a la testigo y notaba en ella tal decrepitud y tal estado que sus manifestaciones no podían llevarle a darle crédito en tal estado y ordenó que fuese conducida porque ni siquiera podía andar.

Como la corte que presencia las declaraciones es la llamada a decidir sobre la credibilidad de los testigos, en vista de la edad de Magdalena Rivera, de sus contestaciones sin relación muchas veces con las preguntas que se le hicieran, y de las manifestaciones hechas por el Juez de la corte inferior, no podemos declarar que cometiera error al no dar valor a su declaración, sin que el hecho de haberse dejado que la testigo declarase fuese una admisión tácita de su capacidad, pues el solo hecho de tener 82 años no es por sí bastante generalmente para no dar valor a la declaración de un testigo pero sí unido a otras circunstancias, como ha ocurrido en este caso.

Los otros dos motivos de la apelación podemos considerarlos conjuntamente pues se refieren a error en la apreciación de la prueba y por haberse declarado justificado el do-

minio y sin lugar la oposición sin haberse identificado la finca y sin haber sido citado el fiscal, como dispone la ley.

Hemos examinado la evidencia presentada en el juicio, que es contradictoria, y nos convence de que sostiene la sentencia apelada; y en cuanto a lo que se dice de no haber sido notificado el fiscal del distrito, aparece de los autos que dicho funcionario dictaminó que nada tenía que oponer a que fuese aprobado el dominio por haberse cumplido con los requisitos de la ley. Con respecto a la identificación de la finca no hubo contención sobre ese particular entre las partes pues la opositora reconoció en su oposición que se trataba de la misma finca aunque negó haberla vendido.

*La sentencia apelada debe ser confirmada.*